**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

**Deborah Mayweathers**,

Plaintiff,

v.

**Iconic Results, LLC.**, a Delaware limited liability company; **Agency SMO, LLC**, an Arizona limited liability company; and **Mituin Varma and Jane Doe Varma**, a Married Couple,

Defendants.

No. ______________________

**COMPLAINT**

Plaintiff, Deborah Mayweathers ("Plaintiff"), sues the Defendants, Iconic Results, LLC, Agency SMO, LLC, and Mituin Varma and Jane Doe Varma, (collectively, "Defendants") and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S."); and the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 8.



BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S § 23-350, et seq., establishes the law regarding the payment of wages within the State of Arizona.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

**PARTIES**

7. At all material times, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8. At all material times, Defendant Iconic Results, LLC was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Iconic Results, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9. Defendant Iconic Results, LLC is an Arizona corporation, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

10. Under the FLSA, Iconic Results, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Iconic Results, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Iconic Results, LLC is subject to liability under the FLSA.

11. At all material times, Defendant Agency SMO, LLC was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Agency SMO, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

12. Defendant Agency SMO, LLC is an Arizona corporation, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

13. Under the FLSA, Agency SMO, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Agency SMO, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Agency SMO, LLC is subject to liability under the FLSA.

14. Defendant Mituin Varma and Jane Doe Varma are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Mituin Varma and Jane Doe Varma are owners of Iconic Results, LLC and Agency SMO, LLC and were at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

15. Under the FLSA, Defendants Mituin Varma and Jane Doe Varma are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Mituin Varma and Jane Doe Varma are owners of Iconic Results, LLC and Agency SMO, LLC. At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Mituin Varma and Jane Doe Varma are subject to individual liability under the FLSA.

16. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

17. Defendants, and each of them, are sued in both their individual and corporate capacities.

18. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

19. At all relevant times, Plaintiff was an "employee" of Defendants Iconic Results, LLC, Agency SMO, LLC, and Mituin Varma and Jane Doe Varma as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

20. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq*., apply to Defendants Iconic Results, LLC, Agency SMO, LLC, and Mituin Varma and Jane Doe Varma.

21. At all relevant times, Defendants Iconic Results, LLC, Agency SMO, LLC, and Mituin Varma and Jane Doe Varma were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

22. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants Iconic Results, LLC, Agency SMO, LLC, and Mituin Varma and Jane Doe Varma.

23. At all relevant times, Plaintiff was an "employee" of Defendants Iconic Results, LLC, Agency SMO, LLC, and Mituin Varma and Jane Doe Varma as defined by the Arizona A.R.S. § 23-350, et seq.

24. At all relevant times, Defendants Iconic Results, LLC, Agency SMO, LLC, and Mituin Varma and Jane Doe Varma were and continue to be "employers" as defined by A.R.S. § 23-350.

25. At all relevant times, Plaintiff was an "employee" of Defendants Iconic Results, LLC, Agency SMO, LLC, and Mituin Varma and Jane Doe Varma as defined by A.R.S. § 23-362.

26. At all relevant times, Defendants Iconic Results, LLC, Agency SMO, LLC, and Mituin Varma and Jane Doe Varma were and continue to be "employers" as defined by A.R.S. § 23-362.

27. Defendants Iconic Results, LLC, Agency SMO, LLC, and Mituin Varma and Jane Doe Varma individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

28. Plaintiff, in her work for Defendants Iconic Results, LLC, Agency SMO, LLC, and Mituin Varma and Jane Doe Varma, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

29. At all relevant times, Plaintiff, in her work for Defendants Iconic Results, LLC, Agency SMO, LLC, and Mituin Varma and Jane Doe Varma, was engaged in commerce or the production of goods for commerce.

30. At all relevant times, Plaintiff, in her work for Iconic Results, LLC, Agency SMO, LLC, and Mituin Varma and Jane Doe Varma, was engaged in interstate commerce.

31. Plaintiff, in her work for Defendants Iconic Results, LLC, Agency SMO, LLC, and Mituin Varma and Jane Doe Varma, regularly handled goods produced or transported in interstate commerce.

**NATURE OF THE CLAIM**

32. Defendants own and/or operate as Iconic Results, LLC, an enterprise located in Maricopa County, Arizona.

33. Plaintiff was hired by Defendants as a telemarketer and worked for Defendants between approximately February 17, 2020 and approximately March 27, 2020.

34. Defendants, in their sole discretion, agreed to pay Plaintiff $12.00 per hour for all hours she worked.

35. Defendants compensated Plaintiff on a weekly basis on Fridays.

36. On approximately March 27, 2020, Defendants terminated Plaintiff's employment.

37. Plaintiff should have received the paycheck for her final two days of work on approximately April 3, 2020.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

38. Defendants mailed Plaintiff a direct deposit receipt, but Plaintiff never received any deposit into her account for her final week of work.

39. Plaintiff attempted to contact Defendants to advise them that she did not receive her compensation for her final week of work, but she has been unable to contact Defendants and unable to receive the compensation she is owed.

40. As a result, Plaintiff still has not received any wage whatsoever for her final week of work with Defendants.

41. As a result of not having paid any wage whatsoever to Plaintiff during her final week of employment with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

42. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for her final week of work, Defendants have violated 29 U.S.C. § 206(a).

43. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for her final week of work, Defendants have violated the AMWA, A.R.S. § 23-363.

44. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for her final week of work, Defendants have violated the AMA, A.R.S., § 23-351.

45. Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during her final workweek.

46. Defendant have and continue to violate the AMWA by not paying Plaintiff the full applicable minimum wage for all hours worked during her final workweek.

47. Defendant have and continue to violate the AWA by not paying Plaintiff any wage whatsoever for all hours worked during her final workweek.

48. Plaintiff is a covered employee within the meaning of the FLSA.

49. Plaintiff is a covered employee within the meaning of the AMWA.

50. Plaintiff is a covered employee within the meaning of the AWA.

51. Plaintiff was a non-exempt employee.

52. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

53. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

54. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

55. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

56. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, and interest under A.R.S § 23-355.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY MINIMUM WAGE**

57. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for hours that Plaintiff worked during her final week of employment.

59. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

60. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Deborah Mayweather, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendant committed one of more of the following acts:

i. Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

ii. Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

**COUNT TWO: ARIZONA MINIMUM WAGE ACT**
**FAILURE TO PAY MINIMUM WAGE**

61. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for hours that Plaintiff worked during her final week of employment.

63. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the AMWA, A.R.S. § 23-363.

64. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the unpaid amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Deborah Mayweathers, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

A. For the Court to declare and find that the Defendants committed one of more of the following acts:

i. Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

ii. Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES OWED**

65. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

66. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during her final week of employment.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

67. Defendant's practice of willfully failing to pay Plaintiff wages for labor performed violates the AWA, A.R.S. § 23-351.

68. Plaintiff is therefore entitled to compensation for all unpaid wages at an hourly rate, to be proven at trial, in an amount treble the unpaid amount, together with interest, and costs of this action.

**WHEREFORE**, Plaintiff, Deborah Mayweathers, individually, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated A.R.S. Title 23, Chapter 2, by failing to pay wages owed to Plaintiff;

B. For the Court to award compensatory damages, including treble the amount of wages owed to Plaintiffs, pursuant to A.R.S. § 23-355, to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest;

D. For the Court to award Plaintiff reasonable attorneys' fees and costs;

E. Such other relief as this Court shall deem just and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 17th Day of June, 2020.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorney for Plaintiff*

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060