# BENDAU & BENDAU PLLC

# Exhibit A

# SETTLEMENT AGREEMENT
# AND GENERAL RELEASE

**THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE** (hereinafter, this "Agreement") is entered into by and between Deborah Mayweathers ("Mayweathers"), on the one hand, and Iconic Results LLC, Agency SMO LLC, and Mituin Varma and Jane Doe Varma ("Defendants"), on the other hand. The parties referenced above are collectively referred to herein as the "Parties".

**WHEREAS**, Mayweathers was employed by Defendants to perform telemarketing services;

**WHEREAS**, Mituin Varma is the owner of Iconic Results LLC and Agency SMO LLC and Jane Doe Varma is the spouse of Mituin Varma;

**WHEREAS**, Mayweathers' employment ended on or about March 27, 2020;

**WHEREAS**, in June 2020, Mayweathers filed a lawsuit against Defendants in the United States District Court for the District of Arizona (Case No. 2:20-cv-01216-DJH) (hereinafter, the "Lawsuit");

**WHEREAS**, in July 2020, Defendants mailed a check to Mayweathers' counsel payable to Deborah Mayweathers in the amount of Three Hundred Eighty-Four and 00/100 Dollars (the "Payment") and Mayweathers has confirmed receipt of that check;

**WHEREAS**, the Parties desire to settle, compromise, and resolve the Lawsuit in its entirety and any and all potential differences and disputes between them without the burden, expense and delay of litigation, and without admission of any fault or liability by Defendants.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises herein contained, and for other good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, the Parties voluntarily and knowingly agree as follows:

1. **Definitions.** For the purposes of this entire Agreement, the term "Defendants" includes Iconic Results LLC, Agency SMO LLC, and, its past, present, and future owners, members, officers (including, but not limited to, the Mituin Varma and Jane Doe Varma), employees, contractors, representatives, trustees, administrators, fiduciaries, attorneys, insurers, agents, direct and indirect parent corporations, subsidiaries, affiliated entities, predecessors, successors, heirs, and assigns, jointly and severally (collectively, the "Released Parties"). For the purposes of this entire Agreement, the term "Mayweathers" shall refer to Deborah Mayweathers, her marital community (if any), and her heirs and assigns.

2. **Consideration.** Defendants have made the Payment, and Mayweathers acknowledges that she will be exclusively liable for the payment of all federal, state, and local taxes, if any, which may be due as a result of the monetary consideration paid by Defendants

pursuant to this Agreement, as well as reporting the total amount of the Payment to any federal, state, or local agencies.

3. **Release.** Except as provided below, Mayweathers hereby fully and forever waives, discharges, and releases any and all claims, demands, damages, actions, causes of action and liabilities of any kind, whatsoever, whether known or unknown, suspected or unsuspected, accrued or to accrue, which Mayweathers now has, may have, or has ever had against the Defendants or any of the Released Parties relating to or arising out of Defendants' alleged failure to compensate Mayweathers according to state and federal law.

This Joint Stipulation of Settlement and Release specifically includes, but is not limited to any and all claims for unpaid wages or unpaid minimum wage or overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., the Arizona Minimum Wage Act, A.R.S. §§ 23-363, et seq., the Arizona Wage Act, A.R.S. §§ 23-351, et seq., and/or any other federal, state, or local statute, common law, or regulation, pertaining to wage and hour issues, including, without limitation, the payment of wages, salary, premium payments, bonuses or benefits of any kind or nature, unpaid or late payment of wages, unpaid or late payment of overtime, unpaid work, meal breaks or rest breaks, travel time, reimbursement of expenses, improper deductions, or record keeping requirements.

4. **Acknowledgement of Full Payment.** Mayweathers acknowledges and agrees that delivery of the Payment set forth in Section 2 above constitutes all the payment that she will received to resolve the Lawsuit and acknowledges and agrees that she has been paid in full by Defendants for all wages, overtime, bonuses, or other forms of compensation to which she was entitled as a result of her employment with any or some of the Defendants.

5. **Plaintiff's Attorney Fees & Costs.** The Parties, being unable to reach an agreement regarding the amount of reasonable attorneys' fees and costs, if any, to Plaintiff's counsel, have agreed that Plaintiff's counsel shall file with the United States Federal District Court for the District of Arizona an application to determine to what extent Plaintiff's counsel are entitled to be compensated for their fees and costs incurred herein on the schedule imposed by the Court. It is anticipated that Plaintiff's counsel will file an application for attorney fees and costs pursuant to the FLSA, 29 U.S.C. § 216(b), Fed. R. Civ. P. 54(d), and Local Rule 54.2.

6. **Consultation with Legal Counsel.** Mayweathers represents and acknowledges that she has consulted with her legal counsel and obtained the advice of her legal counsel prior to signing this Agreement.

7. **Effective Date of Agreement.** This Agreement will be effective upon execution by the Parties and approval by the Court in the Lawsuit. Should the Court deny approval of this Agreement, Mayweathers and her counsel agree to return the Payment to Defendants within two (2) business days.

8. **Dismissal of Lawsuit.**

Mayweathers agrees that, within five (5) business days of receipt of the amount(s) due and owing, if any, for attorneys' fees and costs, she shall cause her attorneys to dismiss all claims in the Lawsuit with prejudice.

2

9. **Full Consideration.** The parties agree that compliance with the above described terms constitutes full and sufficient legal consideration for the promises and covenants set forth in this Agreement.

10. **No Admission of Wrongdoing.** The Parties each agree that nothing in this Agreement shall be construed as an admission by any of them of any wrongdoing or violation of any applicable law, and that nothing in this Agreement shall be so construed by any other person.

11. **Bar.** Mayweathers specifically agrees that this Agreement may be pled by Defendants or any of the other Released Parties as an absolute bar to any released claim.

12. **Complete Agreement.** This Agreement sets forth all of the terms and conditions of the agreement between the parties and shall be considered and understood to be a contractual commitment and not a mere recital. This Agreement shall be binding upon Defendants and their successors and assigns and Mayweathers and her respective agents, heirs, executors, representatives, and assigns.

13. **Attorneys' Fees and Costs.** In an action to enforce any term or terms of this Agreement or to seek damages for breach of this Agreement and/or recission of this Agreement, the prevailing party in that action shall be entitled to recover reasonable attorneys' fees.

14. **Waiver and Amendment.** A waiver of any right under this Agreement must be in writing to be effective. This Agreement may be amended only by a writing signed by the parties. Any oral representation or modification concerning this Agreement shall be of no force or effect.

15. **Severability.** If any portion of this Agreement is held invalid by operation of law, the remaining terms of this Agreement shall not be affected.

16. **Choice of Law.** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties. This Agreement shall be governed by and construed in accordance with the laws of the State of Arizona, except to the extent that federal laws apply.

17. **Counterparts.** This Agreement may be executed in any number of counterparts, and by each party hereto in separate counterparts, each of which when executed shall be deemed to be an original instrument, but all of which together shall constitute one and the same instrument. Electronic signatures shall have the same force and effect as original signatures.

18. **Acknowledgement.** Mayweathers acknowledges that in executing this Agreement, she does not rely on any inducements, promises or representations made by Defendants, other than those expressly stated herein. Further, Mayweathers declares that she has read this Agreement and fully understands its terms and contents, including her representations, warranties, and obligations hereunder, and freely, voluntarily and without coercion enters into this Agreement. Mayweathers agrees and acknowledges that the waiver and release of all rights or claims she may have under any local, state or federal law is knowing and voluntary.

**DEBORAH MAYWEATHERS**

_[signature]_
—74F71E6776TD439

Dated: 8/4/2020

**ICONIC RESULTS, LLC**

By: _[signature]_
Its: CEO

Dated: 8/6/2020

**AGENCY SMO, LLC**

By: _[signature]_
Its: CEO

Dated: 8/6/2020

**MITUIN VARMA**

_[signature]_

Dated: 8/6/2020

**JANE DOE VARMA**

_Payal Varma [signature]_

Dated: 8/6/2020

4