IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah Mayweathers,<br><br>    Plaintiff,<br><br>v.<br><br>Iconic Results LLC, et al.,<br><br>    Defendants. | No. CV-20-01216-PHX-DJH<br><br>**ORDER** |

Pending before the Court is the parties' Joint Motion for Approval of Settlement Agreement (Doc. 15). Therein, the parties request approval of their Settlement Agreement, as is required by the Fair Labor Standards Act ("FLSA").

**I.  BACKGROUND**

Plaintiff initiated this action on June 17, 2020, with a single count Complaint alleging that Defendants Iconic Results, LLC; Agency SMO, LLC; Mituin Varma; and Jane Doe Varm (collectively "Defendants") failed to pay her for two days of work in violation of the FLSA. (Doc. 1). Plaintiff worked for Defendants as a telemarketer from February 17, 2020, to March 27, 2020. (*Id.* ¶ 33). Plaintiff was compensated on a weekly basis and alleges that after she was terminated on March 27, 2020, she should have received her final paycheck for final two days of work on April 3, 2020. (*Id.* ¶¶ 36-37). However, she never received her final paycheck. (*Id.* ¶¶37-38). Plaintiff alleges the total amount of unpaid wages she is owed is $192.00. (Doc. 15 at 2).

Defendants were served on June 21, 2020 (Docs. 6, 7, 8, & 9), and Plaintiff filed a

Notice of Settlement on July 7, 2020. (Doc. 11). The parties filed the pending Motion on August 7, 2020.

## II.   LEGAL STANDARD

The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 739 (1981). In view of the inequalities in bargaining power between employees and employers, Congress made the provisions of the FLSA mandatory. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). "Unlike most private settlements negotiated between parties in a civil action for damages, in a FLSA case or class action, the parties *must* seek the district court's approval of the settlement's terms to ensure that it is enforceable and fair." *Juvera v. Salcido*, 2013 WL 6628039, at *3 (D. Ariz. 2013) (emphasis added); *see also seeking McKeen-Chaplin v. Provident Sav. Bank, FSB,* 2018 WL 3474472, at *1 (E.D. Cal. July 19, 2018) ("FLSA rights generally cannot be waived, [and therefore,] settlement of private actions for back wages pursuant to 29 U.S.C. § 216(b) must be approved by the district court."). The Court's role is to act not as "'caretaker but as gatekeeper . . . [to] ensure that private FLSA settlement are appropriate given the FLSA's purposes and that such settlements do not undermine the Act's purposes.'" *Juvera*, 2013 WL 6628039, at *6 (quoting *Goudie v. Cable Communications, Inc.*, 2009 WL 88336, at *1 (D. Or. 2009)). In reviewing a FLSA settlement, a district court must first determine whether the settlement represents a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).

"If the settlement reflects a reasonable compromise over issues such as FLSA coverage or computation of back wages[,] . . . the court may approve the settlement in order to promote the policy of encouraging settlement of litigation." *Fontes v. Drywood Plus, Inc.*, 2013 WL 6228652, at *5 (D. Ariz. Dec. 2, 2013); *see also Lopez v. Arizona Pub. Serv. Co.,* 2010 WL 1403873, at *1 (D. Ariz. Jan. 27, 2010) (holding a district court may approve a settlement agreement if it reflects a "reasonable compromise over the issues."). To determine whether a FLSA settlement is fair and reasonable, courts evaluate the "totality

of the circumstances" within the context of the purposes of the FLSA. *Slezak v. City of Palo Alto*, 2017 WL 2688224, at *3 (N.D. Cal. June 22, 2017).

### III. DISCUSSION

The Court must first determine whether a bona fide dispute exists. A bona fide dispute exists when there are legitimate questions about "the existence and extent of Defendant's FLSA liability." *Ambrosino v. Home Depot U.S.A, Inc.*, 2014 WL 1671489, at *1 (S.D. Cal. Apr. 28, 2014). "The purpose of this analysis is to ensure that an employee does not waive claims for wages, overtime compensation, or liquidated damages when no actual dispute exists between the parties." *Slezak*, 2017 WL 2688224, at *2. The parties provide that there are legitimate questions about the existence and extent of Defendants' FLSA liability. Specifically, Defendants claim to have attempted to directly deposit Plaintiff's compensation into her bank account and that the electronic deposit was unsuccessful because Plaintiff failed to provide accurate account information. In light of these contending views on issues central to the case, the Court finds that this case involves a bona fide dispute.

As the Court is satisfied that a bona fide dispute exists, it must now determine whether the settlement is fair and reasonable. The Settlement Agreement (Doc. 15-1) provides that Defendants will pay Plaintiff $192.00 in unpaid wages and $192.00 in liquidated damages, for a total settlement fund of $384.00. (Doc 15 at 2). The Court notes that the FLSA grants courts the discretion to award liquidated damages, in addition to unpaid wages, up to the amount specified in the FLSA based upon certain criteria. *See Vallejo v. Azteca Elec. Const. Inc.*, 2015 WL 419634, at *3 (D. Ariz. Feb. 2, 2015) ("When an employer violates [the FLSA], § 216(b) provides for payment of both unpaid wages plus an additional equal amount of liquidated damages."). Therefore, if Plaintiff were to prevail, and was awarded unpaid wages and liquidated damages, the award would be $384.00. Accordingly, the Court finds that the settlement is fair, reasonable, and adequate and is in the best interest of Plaintiff in light of all known facts and circumstances.

### IV. ATTORNEYS' FEES AND COSTS

The FLSA has a fee-shifting provision. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). This provision is designed to allow employees access to courts without the burden of litigation costs. *See Kerzich v. County of Tuolumne*, 335 F. Supp. 3d 1179, 1188 (E.D. Cal. 2018) (listing cases discussing the purpose of the fee-shifting in FLSA cases).

The Settlement Agreement provides that the parties were unable to reach an agreement regarding the amount of reasonable attorneys' fees and costs. (Doc. 15-1 at 3). The parties agreed to submit briefing on an application for attorneys' fees and costs pursuant to 29 U.S.C. § 216(b). Accordingly, Plaintiff shall file a Motion for Attorneys' Fees and Costs within fourteen (14) days of the date of this Order. Defendants shall respond and Plaintiff may file a reply in the time period prescribed by Local Rule 54.2. The briefing shall conform to all applicable Federal Rules of Civil Procedure and Local Rules.

Accordingly,

**IT IS ORDERED** that the parties' Joint Motion for Approval of Settlement Agreement (Doc. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file her Motion for Attorneys' Fees and Costs within fourteen (14) days of the date of this Order. Defendants shall respond and Plaintiff may reply in the time period prescribed by Local Rule 54.2.

Dated this 19th day of August, 2020.

Honorable Diane J. Humetewa
United States District Judge